UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CALVIN DAVIS**                                                    **CIVIL ACTION**

**VERSUS**                                                            **NO. 24-637**

**SHERIFF OF ORLEANS PARISH, ET AL.**               **SECTION: "P"(5)**

**PARTIAL REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Calvin Davis, an inmate presently confined at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. In October 2022, at the time of the alleged incident, he was incarcerated at the Orleans Parish Prison.[1] His complaint names as defendants, the Sheriff of Orleans Parish, Warden of Orleans Parish Prison, Orleans Parish Sheriff's Department, Medical Director over Orleans Parish Prison, and unidentified parties (Deputy Sheriff and Classification Officer), each in their individual and official capacities. Davis alleges that he fell from a top bunk while sleeping and sustained injuries, and that due to his age, medical conditions and weight, the unnamed classification officer should never have assigned him a top bunk.[2] He was initially treated at the hospital, but when he returned to the jail, he allegedly received inadequate medical care for his injuries. His condition worsened as a result, and he is still confined to a

---

[1] The facility formerly known as the Orleans Parish Prison is no longer in use, having been replaced in 2015 by a new facility known as the Orleans Justice Center. Despite his references to the Parish Prison, it was at this newer facility that Davis was housed at the time of the alleged incident.

[2] ECF No. 3 (Complaint).

wheelchair. He claims that defendants conspired to hide and conceal the accident by not answering his administrative grievance.[3] He requests monetary compensation.

A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i), if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that the claims against defendants, the Sheriff of Orleans Parish, Warden of Orleans Parish Prison, and Orleans Parish Sheriff's Department be dismissed with prejudice as frivolous and/or for failing to state a claim for which relief can be granted; that the claim against the Deputy Sheriff, against whom no allegations have been made, be dismissed without prejudice for failing to state a claim for which relief may be granted; and that only the claims against the Medical Director for Orleans Parish Prison and the unidentified classification officer, which may be actionable with further development, be allowed to proceed at this time.

Davis names the Sheriff of Orleans Parish and the Warden of Orleans Parish Prison in their individual and official capacities. To hold these defendants personally liable under § 1983, Davis must establish that each defendant was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act

---

[3] ECF No. 3, at 7, 9 (Inmate Grievance) and ECF No. 3-1 (Second Step Grievance).

of [the defendant] ... and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); accord *Cox v. Irby*, 281 F. App'x 390, 391 (5th Cir. 2008); *Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006). Davis' complaint fails to allege any personal involvement whatsoever by these defendants in the acts or omissions that led to his injuries. He fails to allege that defendants were personally involved in assigning him a bunk or denying him proper medical care after the fall. He does not indicate how their acts or omissions led to his injuries. Thus, Davis has not alleged a causal connection between any acts or omissions of these defendants and a constitutional deprivation or injury.

As for his claim against them in their official capacity, he alleges only generally in his statement of claim that defendants should be held liable as supervisory officials. As an initial matter, neither the Sheriff nor the Warden may be held responsible under a theory of *respondeat superior* under § 1983, based on a claim that prison personnel under their supervision caused his injury. *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996); accord *Field v. Corr. Corp. of Am. Inc.*, 364 F. App'x 927, 929 (5th Cir. 2010). A supervisory official may be held liable for his subordinates' actions under § 1983 only if the official implemented an unconstitutional policy that causally resulted in plaintiff's injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978); *Thompson v. Johnson*, 348 F. App'x 919, 921 (5th Cir. 2009) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)). Davis' complaint does not allege, much less identify, a particular policy, order, or directive implemented by the Warden or Sheriff that resulted in his injuries. *Thompkins v. Belt*, 828 F.2d 298, 303-04

3

(5th Cir. 1987) (Supervisory officials "are not liable for the actions of subordinates on any theory of vicarious liability" and will only be liable if the official "implement[s] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.").

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). For such a claim, a plaintiff must identify a policy or custom that allegedly caused the deprivation of his constitutional rights. *See Monell*, 436 U.S. at 691-95. Municipal liability under § 1983 requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights; and the policy must be the "moving force" behind the violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694); *see also White v. Texas*, No. 23-11190, 2024 WL 1826245, at *3 (5th Cir. Apr. 26, 2024). Davis has not identified a constitutionally deficient custom, policy, or practice implemented by defendants that caused his injuries.

Finally, to the extent he claims the defendants conspired to try and conceal the accident by not responding to his grievance, the mere failure to respond to a complaint through the grievance process is not sufficient to state a cognizable claim for a constitutional violation because he has no federally protected liberty interest in an effective or successful grievance process. *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir.

2005). Furthermore, conclusory allegations, lacking reference to material facts, are insufficient to state a claim for conspiracy under § 1983. *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 675 (5th Cir. 2015); *Powell v. Martinez*, 579 F. App'x 250, 252 (5th Cir. 2014).

Davis also names the Orleans Parish Sheriff's Department as a defendant. However, the claims against the sheriff's office must be dismissed because it "is not recognized as a legal entity or person capable of being sued," and it is not a "person" for purposes of § 1983 liability. *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002); accord *Mitchell v. Jefferson Par. Corr. Ctr.*, Civ. A. No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); *Francois v. Jefferson Par. Sheriff's Office*, Civ. Action No. 12-1965, 2013 WL 654640, at *6 (E.D. La. Feb. 21, 2013) ("Louisiana law has not afforded any legal status to parish sheriff's departments such that they can be sued."). Accordingly, the claim against the Orleans Parish Sheriff's Department is frivolous and fails to state a claim upon which relief may be granted. *See, e.g., Lemon v. Kenner Police Dep't*, Civ. Action No. 16-6631, 2016 WL 3950771, at **4-5 (E.D. La. July 1, 2016), *adopted*, 2016 WL 3902596 (E.D. La. July 19, 2016); *Littlejohn v. New Orleans City*, 493 F. Supp. 3d 509, 517 (E.D. La. 2020); *Thomas v. City of New Orleans*, 883 F. Supp. 2d 669, 691 (E.D. La. 2012); *Kerr v. Orleans Par. Sheriff's Office, Prison*, Civ. Action No. 15-0746, 2015 WL 4755174, at **3-4 (E.D. La. Aug. 10, 2015); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007) (explaining that

Louisiana law governs whether the NOPD is an entity that can be sued pursuant to Fed. R. Civ. P. 17(b) and that under Louisiana law, the NOPD is not a "suable entity").

As for the unidentified parties, Davis has made no allegations whatsoever against the unnamed Deputy Sheriff. Because this defendant is not alleged to have played any role in the incident, the claim should be dismissed without prejudice at this time for failing to state a claim for which relief can be granted. As for the unnamed medical director and classification officer, those claims for relief are not patently frivolous and may be actionable with further development.[4] Therefore, at this time, the claims against the medical director and the classification officer should be allowed to proceed pending further development.[5]

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Davis' claims against defendants, Sheriff of Orleans Parish, Warden of Orleans Parish Prison, and the Orleans Parish Sheriff's Department, be **DISMISSED WITH PREJUDICE** as legally frivolous and otherwise for failing to state a claim on which relief can be granted pursuant to 28 U.S.C. §

---

[4] To the extent the claims sound in negligence, the Court notes that the federal constitutional rights of an incarcerated person are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. *See Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001). The U.S. Constitution does not require that an inmate's medical care be free from negligence or medical malpractice. *Hall v. Thomas*, 190 F.3d 693, 697-98 (5th Cir. 1999), and claims of negligence or malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Davis v. Lafourche Par. Sheriff's Office*, Civ. Action No. 12-1859, 2013 WL 1136816, at *4 (E.D. La. Feb. 21, 2013), *adopted*, 2013 WL 1130591 (E.D. La. Mar. 18, 2013).

[5] Davis has not properly identified the medical director or classification officer by name in his complaint, but he should be given the opportunity to correct that defect in the future if he intends to proceed with the claims.

1915(e)(2)(B)(i) and (ii), and the claim against the unnamed Deputy Sheriff be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim on which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Davis' claims against the Medical Director for Orleans Parish Prison and the unidentified Classification Officer be allowed to proceed pending further development and remain referred to the United States Magistrate Judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this  6th  day of          May         , 2024.

  
_____  
**MICHAEL B. NORTH**  
**UNITED STATES MAGISTRATE JUDGE**

---

[6] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.