UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-637** |
| **SHERIFF OF ORLEANS PARISH, ET AL.** | **SECTION: "P"(1)** |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are the Motion to Refix Service and/or Contempt of Court (rec. doc. 24) and the Motion to Compel Defendants to Accept Service of Proceedings (rec. doc. 25) filed by Plaintiff Calvin Davis. The United States Marshal was unable to serve Defendant Melody Alexander Therence based on the information Plaintiff provided. Plaintiff stated in his Complaint that Therence was a nurse who treated him when he was incarcerated. (Rec. docs. 3, 17).

In the second motion before this Court, Plaintiff argues that Therence, employed by Wellpath, a company that, *inter alia*, provides medical and mental healthcare to jails and prisons, can be served at 2800 Perdido Street, New Orleans, LA 70119, the address of the Orleans Parish Justice Center. (Rec. docs. 21, 22, 25). That is precisely where the United States Marshal attempted service on Therence, only to be informed by Tracey Como that Therence is not an employee of the OPJC. Specifically, the Marshal's unexecuted return states: "Tracey Como – Refused service stated not an employee of Orleans. Refused to provide information further." (Rec. doc. 22). Como is not a Defendant in this lawsuit and had no responsibility to accept service on behalf of a non-employee. Neither is she

Therence's agent for service of process. Indeed, Wellpath no longer provides medical and mental healthcare services at the OPJC.[1]

As Plaintiff is aware, it is Plaintiff's responsibility to provide all information necessary for the United States Marshal to effect service. This Court has given Plaintiff numerous opportunities to find and to serve Defendants – including Therence – in this lawsuit, which has been pending since March 2024. (Rec. docs. 11, 14, 16, 19, 23). This Court ultimately warned Plaintiff that should he fail to comply with the Court's orders and fail to show good cause for not doing so, Plaintiff's claims against Therence – the only remaining Defendant – may be dismissed pursuant to Fed. R. Civ. P. 4(m). (Rec. doc. 23). Plaintiff has failed to provide the Court with the proper address at which to serve the last remaining Defendant in this lawsuit after ample opportunities to do so. Instead, Plaintiff simply files motion after motion in an attempt to ask the Court to do his work for him. This has gone on for far too long.

In pertinent part, Rule 4(m) provides:

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – ***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit. Therefore, he is entitled to have service effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). That fact, however, does

---

[1] https://www.nola.com/news/courts/new-orleans-jail-to-ditch-longtime-medical-care-provider-in-pending-deal/article_456bca42-e24c-11ee-876e-d705ebf719c9.html

not relieve Plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis*. *Id.*

More than 90 days have elapsed since this lawsuit was filed in March 2024. Despite the passage of that extensive period of time, Plaintiff has not provided this Court or the United States Marshal with the information necessary to effect service on Therence. The Court gave Plaintiff notice of the fact that Therence was not served, as well as an opportunity to cure that defect. (Rec. doc. 23). Nevertheless, Plaintiff has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve Therence results not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of Plaintiff. Without service on Therence, this lawsuit cannot proceed forward. Indeed, the Court cannot even ask for consent from the parties as Therence remains unserved, nor can the Court order Therence to respond to Plaintiff's Complaint because she has not appeared nor retained counsel.

Despite being given express notice that his claims against Therence could be dismissed unless Plaintiff provided the required information or showed good cause for failing to do so, Plaintiff has failed to cure any defects in service. Accordingly, this Court finds that dismissal of those remaining claims against Therence is now appropriate. *See, e.g.,*

*Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 Fed. App'x 958, 959 (5th Cir. 2009); *Pines v. St. Tammany Par. Prison*, Civ. Action No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009).

Lastly, as to the unidentified individuals listed in Plaintiff's Complaint, the Court notes that they are improper Defendants in any event. It is clear that "claims against . . . unidentified defendants fail to state a claim for which relief can be granted and are otherwise frivolous." *August v. Gusman*, Civ. A. No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *see also Hill v. Strain*, Civ. A. No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010); *Francis v. Terrebonne Par. Sheriff's Office*, Civ. A. No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); *Carter v. Strain*, Civ. A. No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, Civ. A. No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007). Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that Motion to Refix Service and/or Contempt of Court (rec. doc. 24) and the Motion to Compel Defendants to Accept Service of Proceedings (rec. doc. 25) are **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Rule 4(m).

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __18th__ day of _____August_____, 2025.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**MICHAEL B. NORTH**
　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

5